UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| OC HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-12276-DJC |
| | ) | |
| CITY OF BOSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

**CASPER, J.**                                                                                    **April 8, 2026**

For the reasons stated below, the Court denies Plaintiff's first motion for leave to proceed *in forma pauperis* as moot, D. 2, in light of it granting Plaintiff's second motion for leave to proceed *in forma pauperis*, D. 4. If plaintiff wishes to proceed with this action, the Court grants him until May 8, 2026 to file an amended complaint.

**I.      Background**

OC Houston, a resident of Easton, Massachusetts, has initiated this action by filing a *pro se* complaint. D. 1. With the complaint, Houston filed an application to proceed in district court without prepaying fees or costs (also referred to as a motion for leave to proceed *in forma pauperis*). D. 2. Three weeks later, he filed a second application. D. 4.

The complaint asserts claims under 42 U.S.C. § 1983 "for deprivation of liberty and reputation without due process (stigma-plus doctrine), defamation per se under M.G.L. c. 231 § 92, and negligent and intentional infliction of emotional distress." See D. 1 at ¶ 1. The Defendants are the City of Brockton and the City of Easton (collectively, the "Municipal Defendants"); Officer Michael J. Cesarini and Sergeant Mark Ferretti (collectively, the "Police defendants"); and the

Brockton Enterprise/Gannett Media.  Id. at ¶¶ 4-8.   Houston seeks "compensatory and punitive damages for Defendants' false and reckless statements that Plaintiff was 'convicted of indecent assault on a child under 14,' which were published and remain accessible online, and which continue to inflict ongoing harm."  Id. at ¶ 2.

Houston alleges that "[i]n or about 2012, Officer Cesarini entered into official records that Plaintiff had been convicted of indecent assault and battery on a child under 14, knowing the statement was false."  Id. at ¶ 9.  As to Sergeant Ferretti, Houston alleges that he "subsequently relayed this false conviction claim to the Brockton Enterprise, knowing it was unverified and untrue."  Id. at ¶ 10.  Houston alleges that the Brockton Enterprise "published the accusation on its front page, and the article remains available online to this day, perpetuating ongoing reputational harm."  Id. at ¶ 11.  Houston alleges that the Brockton Enterprise as well as the Brockton and Easton police departments have refused his repeated demands for correction. Id. at ¶ 12.

Four counts are listed in the complaint as follows: (1) 42 U.S.C. § 1983 (Monell Claims) against the Municipal Defendants; (2) 42 U.S.C. § 1983 (individual liability) against the Police Defendants; (3) defamation *per se* against all Defendants; and (4) negligent and intentional infliction of Emotional Distress against all Defendants. Id. at 2.  For relief, Houston seeks compensatory damages, punitive damages and injunctive relief.  Id.

## II.    In Forma Pauperis

Upon review of Houston's request for leave to proceed *in forma pauperis*, D. 4, the Court concludes that he is without income or assets to pay the filing fee.  The Court, therefore, ALLOWS D. 4 and permits Houston to proceed *in forma pauperis*.  Given the allowance of D. 4, the Court DENIES the earlier motion to proceed *in forma pauperis*, D. 2, as moot.

**III.    Screening of the Complaint**

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  The *in forma pauperis* statute authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

Additionally, the Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction."  McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." Calderon–Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

Because Houston is proceeding *pro se*, the Court construes his complaint generously.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

**IV.    Analysis**

Speaking broadly, 42 U.S.C. § 1983 provides a remedy for the violation of a federal right by a person acting under the color of state law, but its application is not without limitations.  Claims brought under § 1983 are subject to the statute of limitations applicable to personal injury claims under state law.  Ayala-Sepulveda v Municipality of San German, 671 F.3d 24,  28–29 n.3 (1st Cir. 2012) (citations omitted).  The applicable statute of limitations is three years. See Mass. Gen. Laws c. 260, § 2A (Massachusetts has three-year statute of limitations for personal injury claims); Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001).  Here, 2012 is the only date mentioned in

Houston's complaint.  D. 1 at ¶ 9.  Because of the limited allegations concerning the timeline of events, the Court cannot discern whether Houston is attempting to bring claims that would be time-barred.  Any alleged wrongdoing by the defendants appears to have occurred on or about 2012.  Presuming that to be the case, Houston's § 1983 claims appear to be barred by the statute of limitations.

To the extent Houston may seek to assert a § 1983 claim against the Brockton Enterprise and/or Gannett Media, there are no facts alleged that they are state actors, as required, within the meaning of § 1983.  See Antoine v. Star Ledger of New Jersey, No 09-1827, 2010 WL 1838611 (D.N.J. May 6. 2010), aff'd, 409 F.App'x 492 (3d Cir. 2010) (finding no state action and dismissing § 1983 claims brought against media outlet where a plaintiff alleged that the defendant newspaper reported a false story).

Here, the only federal claim that would provide a basis for this Court's jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) is Houston's § 1983 claim, which appears untimely and is subject to dismissal as it does not appear that diversity jurisdiction under 28 U.S.C. § 1332(a)(1) where there appears to be lack of complete diversity between the parties.

## V. Plaintiff May File an Amended Complaint

For the reasons stated above, the Court concludes that Houston has failed to state a claim upon which relief may be granted.  If he chooses to pursue this action, he must file an amended complaint by May 8, 2026.  The amended complaint must clearly identify each defendant and each defendant's alleged misconduct and the timing of same.  Houston should set forth facts as to who did what to whom, when, where, and why.  In the "Statement of Claim" section of any amended complaint, plaintiff should provide "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief;

and . . . a demand for the relief sought[.]"  Fed. R. Civ. P. 8(a)(1)-(3).  Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances."  See Fed. R. Civ. P. 10(b).

The filing of an amended complaint completely replaces the original complaint.  Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011).  If there are allegations in the original complaint that Houston still wishes to rely upon, he must include them in the amended complaint.   If plaintiff fails to file an amended complaint in accordance with the Order, this action likely will be dismissed.

## VI.      Conclusion

For the foregoing reasons, it is hereby ORDERED:

1.      The first motion for leave to proceed in forma pauperis, D. 2, is DENIED as moot and the second motion for leave to proceed in forma pauperis, D. 4, is ALLOWED.

2.      If Houston wishes to pursue this action, he must,  by May 8, 2026, file an amended complaint that cures the pleading deficiencies of the original complaint.  If he fails to do so by the May 8th deadline, the Court will likely dismiss this action.

**SO ORDERED.**

/s/ Denise J. Casper
Denise J. Casper
United States District Judge